**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Aquileo Melchor-Zaragoza,<br>Movant/Defendant<br>-vs-<br>United States of America,<br>Respondent/Plaintiff. | CV-16-4586-PHX-JAT (JFM)<br>CR-01-0017-PHX-JAT<br><br>**Report & Recommendation<br>on Motion to Vacate, Set Aside<br>or Correct Sentence** |

## I.  MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed through counsel a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, which was transferred to this Court from the Ninth Circuit Court of Appeals on February 16, 2017, with instructions to file the Motion as of June 27, 2016 (Doc. 3).  On July 24, 2017 Respondent filed its Response (Doc. 9). Movant filed a Reply on September 12, 2017 (Doc.  13).

The Movant's Motion is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II.  RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A.  PROCEEDINGS AT TRIAL

On June 26, 2001, Movant was charged with: (1) Conspiracy to Commit Hostage Taking (18 U.S.C. §§ 371 and 1203); (2) Hostage Taking (18 U.S.C. §§ 1203 and 2); (3) Conspiracy to Harbor Illegal Aliens (8 U.S.C. §§ 1324(a)(1)(A)(iii) and (a)(1)(A)(v)(I));

1

(4) Harboring Illegal Aliens (8 U.S.C. §§ 1324(a)(1)(A)(iii) and (a)(1)(A)(v)(II)); (5) Possession or Use of a Firearm in a Crime of Violence (18 U.S.C. §§ 924(c) and 2); and (6) Re-entry After Deportation (8 U.S.C. § 1326(a) enhanced by (b)(1)). (CR Doc. 30, Superseding Indictment.) (Filings in the underlying criminal case, *United States v. Melchor-Zaragoza*, CR-01-0017-PHX-JAT, are referenced herein as "CR Doc. __.")

On February 21, 2002, Movant entered a plea of guilty to the illegal re-entry charge, Count 6. However, he proceeded to trial on the remaining charges. (CR Doc. 202, Judgment.)

After a jury trial, Movant was convicted of Counts 1 through 5. On June 10, 2002, he was sentenced to 327 months on Counts 1 and 2, and 120 months on Counts 3, 4, and 6, all to be served concurrently, and a term of 84 months on Count 5, to be consecutive to the sentence on Counts 1, 2, 3, 4, and 6. (*Id.*)

## B. PROCEEDINGS ON DIRECT APPEAL

Movant filed a direct appeal, raising claims of the exercise of a peremptory challenge to a juror on the basis of race, improper admission of prior bad acts, instructional error, sentencing error based on the vulnerable victim enhancement, and improper refusal of a downward departure for acceptance of responsibility. On December 5, 2003, the Ninth Circuit Court of Appeals rejected Movant's claims and affirmed. (CR Doc. 287, Memorandum Decision.) Movant did not seek further review. (Motion, Doc. 3 at 2, ¶ 6.)

## C. PROCEEDINGS ON FIRST MOTION TO VACATE

On December 3, 2004, Movant filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 290). Movant raised the following nine claims:

> (1) Sentencing enhancements violated his due process and Sixth Amendment rights as set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Ameline*, 376 F. 3d 967 (9th Cir. 2004); (2) the District Court violated his Due Process and his Sixth Amendment rights by imposing a two-level increase for vulnerable victim; (3)

2

counsel was ineffective in failing to argue that the court could not increase his sentence based on facts not charged in the indictment or found by the jury; (4) the rulings of *Apprendi*, *Blakely*, and *Ameline* should apply retroactively to this case; (5) Count One contained five or more charges in violation of Movant's Fifth and Sixth Amendment rights; (6) the Fifth and Sixth Amendment were violated because Movant was charged with multiple conspiracies for a single scheme or plan; (7) the jury instructions broadened the scope of the indictment in violation of Fifth Amendment; (8) the Fifth and Sixth Amendment were violated because Movant was charged with both the possession and brandishing elements of 18 U.S.C. § 924(c); and (9) trial and appellate counsel were ineffective in failing to argue the merits of claims five through eight, in regard to the duplicitous and multiplicitous charges of the indictment.

(CR Doc. 307, Report & Recommendation at 1-2.)  On December 2, 2005, the Motion to Vacate was denied on its merits.  (CR Doc. 313, Order 12/2/05.)

Movant sought review by the Ninth Circuit Court of Appeals, arguing "that the superseding indictment improperly joined distinct and separate offenses in the same counts, and improperly charged multiple offenses based on the same underlying conduct. He contend[ed] that these alleged errors, combined with the jury instructions, resulted in an improper constructive amendment of the indictment."  (CR Doc. 324, Memorandum Decision, 3/10/08 at 2.)  The Ninth Circuit affirmed on March 10, 2008.  (*Id.*)

## D.  PROCEEDINGS ON CURRENT MOTION TO VACATE

**Motion** – Movant commenced the current case by filing an application for authorization to file a second or successive 28 U.S.C. § 2255 motion with the Ninth Circuit Court of Appeals.  The court granted that application, and directed the filing of the Motion to Vacate in this court as of June 27, 2016, the date the application was filed. (9th Cir. Order 2/16/17, Doc. 3.)

Movant argues his conviction for violating 18 U.S.C. § 924(c) must be vacated because: (a) under *Johnson v. United States*, 135 S. Ct. 2551 (2015) the "residual clause" of the definition of a crime of violence in § 924(c)(3) is unconstitutionally vague; and (b) his predicate offense of hostage taking under 18 U.S.C. § 1203 does not qualify under the "force clause" of § 924(c)(3) because it does not require the intentional use of violent force.

Movant argues that *Johnson* has been made retroactive to cases on collateral review, his Motion was filed less than one year after *Johnson* was decided and thus is timely, and *Johnson* is an intervening change in the law requiring that its merits be reached.

**Response** - On July 24, 2017, Respondent filed its Response (Doc. 9). Respondent argues: (1) *Johnson* is not applicable to § 924(c)(3) (*id.* at 5-7); and (2) Movant's motion is barred by the habeas statute of limitations in 28 U.S.C. § 2255(f) (*id.* at 9-10).

**Reply** - On September 12, 2017, Movant filed a Reply (Doc. 13). Movant argues: (1) Respondent has waived any procedural default defense (*id.* at 1-2); (2) the reasoning of *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 137 S.Ct. (2016), requires the extension of *Johnson* to § 924(c) (*id.* at 2-5); (3) because *Johnson* applies, Movant's Motion is timely, and if not his actual innocence justifies relief from the statute of limitations (*id.* at 5-6).

### III.  APPLICATION OF LAW TO FACTS
#### A.  LEGAL BACKGROUND AND MERITS OF GROUND ONE - *JOHNSON*

Because the validity of Respondent's statute of limitations defense depends, to a large extent, upon the nature of Movant's claims, the undersigned addresses the background and merits of Movant's *Johnson* claim as a preliminary matter.

#### 1.  The Armed Career Criminal Act

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 922(g), *et seq*, establishes various crimes and punishment enhancements for various offenders and offenses. In one particular, under 18 U.S.C. § 924(e)(2), if an offender has three or more prior convictions for a "serious drug offense" or "violent felony," the ACCA increases the prison term to a mandatory minimum 15-year sentence and a maximum term of life imprisonment.

That part of the ACCA defines "violent felony" as follows:

> "any crime punishable by imprisonment for a term exceeding one year . . . that —
> (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii)    is burglary, arson, or extortion, involves the use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another.***"

18 U.S.C. § 924(e)(2)(B) (*emphasis added*).  Subsection (i) has become known as the "force clause" (or sometimes the "elements clause").  *Compare Welch v. United States*, 136 S. Ct. 1257, 1261 (2016) ("[s]ubsection (i) of this definition is known as the elements clause"), *with United States v. Parnell*, 818 F.3d 974, 977 (9th Cir. 2016) ("§ 924(e)(2)(B)(i), known as the force clause").  The emphasized portion of subsection (ii) of the definition has become known as the "residual clause."  The remainder has become known as the "enumerated offenses clause."

## 2. *Johnson* **and the Residual Clause**

**Residual Clause Invalid** - On June 26, 2015, the Supreme Court held that the "residual clause" in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague, and struck it down as a violation of the due process clause of the Fifth Amendment.  *Johnson v. United States*, 135 S.Ct. 2551 (2015).   However, the *Johnson* holding was expressly confined to the residual clause, and the Court was careful to point out that its decision "does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony."  *Id.* at 2563.  Thus, *Johnson* does not affect the constitutionality of sentencing enhancements premised on § 924(e)(2)(B)(i) (the "force clause") or the first portion of § 924(e)(2)(B)(ii) (the "enumerated offenses clause").

***Johnson* Retroactive** - The Supreme Court subsequently determined, in *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016), that *Johnson* stated a "substantive rule that has retroactive effect in cases on collateral review."  Accordingly, as a general matter for § 2255 purposes, a § 2255 motion based on *Johnson* is timely if it was filed on or before

5

June 26, 2016, one year from the date on which *Johnson* was decided.  *See* 28 U.S.C. §2255(f)(3) (one year statute of limitations for § 2255 motions begins to run from the "date on which the right asserted was initially recognized by the Supreme Court"); *Orona v. United States*, 826 F.3d 1196, 1198 (9th Cir. 2016) (date on which Supreme Court recognized new right under *Johnson* is June 26, 2015).

### 3.  Application of *Johnson*  to § 924(c)

Of course, Movant was not sentenced pursuant to 18 U.S.C. § 924(e)(2).  But instead was convicted of and subjected to the mandatory sentence required by 18 U.S.C. § 924(c).  That section provides, in pertinent part, that "any person who, during and in relation to any crime of violence or drug trafficking crime …for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--(i) be sentenced to a term of imprisonment of not less than 5 years."

Like the definition of "violent felony" in § 924(e)(2) addressed in *Johnson*, the definition of "crime of violence" in § 924(c) includes a "residual clause."  The statute provides:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>     (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>     (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  "Courts generally refer to the '(A)' clause of section 924(c)(3) as the 'force clause' and to the '(B)' clause of section 924(c)(3) as the 'residual clause.'"  *United States v. Bell*, 158 F. Supp. 3d 906, 910 (N.D. Cal. 2016).

Thus, both §924(e)(2) and § 924(c)(3) contain a "residual clause."  The clauses are not, however, identical.  The clause in § 924(e)(2) which was invalidated in *Johnson* extended to a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  In contrast, the residual clause in § 924(c) differs by: (1) referring to a "substantial risk" rather than a "serious potential risk"; (2) requiring the use of

"physical force" rather than the occurrence of "physical injury"; and (3) extending to the use of such force "against the person or property of another" rather than being limited to physical injury to a person.

Movant points to no controlling authority concluding that § 924(c)(3)(B) is sufficiently analogous to § 924(e)(2)(B)(ii) that the ruling or reasoning in *Johnson* should necessarily invalidate the former.

Indeed, almost every circuit to address the issue has concluded that it is not. In *United States v. Taylor*, 814 F.3d 340, 375-76 (6th Cir. 2016), the Sixth Circuit concluded that the "crime of violence" language in 18 U.S.C. § 924(c)(3) is not unconstitutionally vague because § 924(c)(3)(B) is "considerably narrower than the statute invalidated by the Court in *Johnson* and because much of *Johnson's* analysis does not apply to § 924(c)(3)(B)"). The Sixth Circuit pointed to: (1) the distinction between physical force and physical injury; (2) the residual clause in § 924(e)(2)(B) was "linked to a confusing set of examples" that was problematic; (3) the history of the Court's struggles with developing a "coherent interpretation" of the clause; and (4) the specific circumstances in *Johnson* which do not all apply to § 924(c)(3)(B). 814 F.3d at 376.

To date, at least the Second, Eighth, Eleventh and D.C. circuits have reached the same conclusions on similar grounds. *See United States v. Hill*, 832 F.3d 135 (2d Cir. 2016); *United States v. Prickett*, 839 F.3d 697, 699 (8th Cir. 2016); *Ovalles v. United States*, 861 F.3d 1257, 1265 (11th Cir. 2017); *United States v. Eshetu*, 863 F.3d 946, 954 (D.C. Cir. 2017).

On the other hand, the Seventh Circuit has concluded that *Johnson* invalidates the residual clause in § 924(c)(3)(B). In *United States v. Cardena*, 842 F.3d 959 (7th Cir. 2016), that Circuit concluded that "[s]ubsection [(c)(3)](B) is virtually indistinguishable from the clause in *Johnson* that was found to be unconstitutionally vague." *Id.* at 996. However, *Cardena* did not engage in any explicit comparison between the provisions, nor analyze the meaning of the differences in language. *Cardena* was decided November 18, 2016, long after *Taylor*.

The *Cardena* court relied to a large extent on the Seventh Circuit's prior decision that

7

"invalidated the residual clause in 18 U.S.C. § 16(b)…the same residual clause contained in the provision at issue, 18 U.S.C. § 924(c)(3)(B)."  842 F.3d at 996 (citing *United States v. Vivas–Ceja*, 808 F.3d 719, 721 (7th Cir. 2015)).  The Sixth and Ninth Circuits have also concluded that the residual clause in 18 U.S.C. § 16(b) was void for vagueness under *Johnson*.  *See United States v. Hill*, 832 F.3d 135, 149 (2nd Cir. 2016) (citing *Shuti v. Lynch*, 828 F.3d 440 (6th Cir. July 7, 2016); *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015); and *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015), *cert. granted,* 137 S.Ct. 31 (2016)). A panel of the Fifth Circuit had similarly determined that *Johnson* invalidated § 16(b).  *See United States v. Gonzalez–Longoria*, 813 F.3d 225, 227 (5th Cir. 2016).  However, upon rehearing *en banc*, the Fifth Circuit reversed course and concluded "that 18 U.S.C. § 16(b) is not unconstitutionally vague on its face*." United States v. Gonzalez-Longoria*, 831 F.3d 670, 677 (5th Cir. 2016) (*en banc*).

While the Ninth Circuit has applied *Johnson* to 18 U.S.C. § 16(b), that is not necessarily conclusive despite the similarity in language between the sections.  In *Hill*, the Second Circuit rejected reliance on the § 16(b) cases, finding their reasoning "unpersuasive."

> First, each greatly underestimates—or misunderstands—the significance of the list of enumerated offenses in the ACCA's residual clause to the decision in *Johnson II*, in part by failing to engage with the precedent that preceded, and informed, that decision. Second, these cases either ignore or minimize the other textual distinctions between the residual clause and the language of § 16(b) Finally, each  case dismisses the significance of the Supreme Court's fraught precedent interpreting the ACCA's residual clause, and in doing so not only disregards the significance of that precedent to the *Johnson II* decision, but also fails to grapple with the fact that the textual aspects unique to the residual clause were largely to blame for that confusion.

*Hill*, 832 F.3d at 149–50.

Similarly, in *Shuti*, the Sixth Circuit distinguished its decision regarding § 924(c) in *Taylor*, and found § 16(b) vague under *Johnson*.  The court reasoned: "Unlike the ACCA and INA, which require a categorical approach to stale predicate convictions, 18 U.S.C. § 924(c) is a criminal offense that requires an ultimate determination of guilt beyond a reasonable doubt—by a jury, in the same proceeding. This makes all the difference."  *Shuti*, 828 F.3d at 449 (6th Cir. 2016).

8

It is of interest that the Ninth Circuit's decision in *Dimaya* that found § 16(b) vague under *Johnson* is currently pending before the Supreme Court on certiorari.  But, while a reversal of *Dimaya* might be further fodder for the argument that *Johnson* does not extend to § 924(c), a decision upholding *Dimaya* would not, without more, dispose of the reasoning of the Second and Sixth Circuits.

## B.  STATUTE OF LIMITATIONS

Respondent argues Movant's claim is barred by the statute of limitations, asserting that applying *Johnson* to § 924(c) is a new rule that is not retroactively applicable to cases on collateral review.

### 1.  One Year Limitations Period

As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for motions to vacate filed pursuant to 28 U.S.C. § 2255.  The statute of limitations applicable to habeas proceedings by federal prisoners has been codified at 28 U.S.C. § 2255(f), which generally provides that motions to vacate filed beyond the one year limitations period are barred and must be dismissed.  *Id.*

### 2.  Conviction Final

A federal habeas petitioner's time to file under 28 U.S.C. §2255 generally begins to run on "the day on which the judgment of conviction becomes final." 28 U.S.C. §2255(f).[1]    Although §2255 does not define "final", the Supreme Court has applied its ordinary standard of finality.  "Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S.

---

[1] In addition to the "new rule" provision discussed hereinafter, later commencement times can also result from an impediment, and newly discovered factual predicates for claims.  *See* 28 U.S.C. § 2255(2) and (4). Movant does not assert either of these apply.

522, 527 (2003). "As the Supreme Court has explained, '[b]y 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.' " *United States v. LaFromboise*, 427 F.3d 680, 683 (9th Cir. 2005), *amended*, 2005 WL 3312694 (9th Cir. Dec. 8, 2005) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987)). A defendant has 90 days from the date the court of appeals enters its judgment—not from the issuance date of the mandate—to file a petition for writ of certiorari. *Clay*, 537 U.S. at 525; Sup. Ct. R. 13(3) (2013).

Here, the Ninth Circuit's decision on Movant's direct appeal was filed on December 5, 2003. (CR Doc. 287, Memorandum Decision.)    Movant did not seek review by the Supreme Court, and accordingly his conviction became final 90 days later, on March 4, 2004.

Thus, under this provision, Movant's Motion to Vacate, deemed filed on June 27, 2016 would be over eleven years delinquent under § 2255(f)(1).

### 3. New Rule

***Johnson* Claims Qualify for Delayed Filing** - Movant argues that his Motion to Vacate should nonetheless be considered timely because it is based on new rules adopted by the U.S. Supreme Court in *Johnson*, and thus governed under the later commencement time provided for in § 2255(f)(3). That section provides that the limitation period can run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Respondent argues that Movant's claim does not actually rely on *Johnson*, but on a new, unannounced rule, extending the reasoning of *Johnson* to the distinct provisions of § 924(c)(3)(B).    While Movant's ultimate right to relief might depend upon an extension of *Johnson*, his claim is generally that *Johnson* itself is sufficient to support his claim.    Thus, Movant's claim is that the holding of *Johnson* concerns the impermissible

vagueness of the language in the ACCA, and that application of that holding to other uses of similar language does not require a new rule, but simply an application of an existing rule to materially indistinguishable facts.  That Respondent disagrees with the argument does not alter the source of the argument.  Accordingly, his claim based on *Johnson*, as he casts it, does qualify under § 2255(f)(3).

As noted hereinabove, a § 2255 motion based on *Johnson* is timely if it was filed within one year from the date on which *Johnson* was decided.  *See* 28 U.S.C. §2255(f)(3) (one year statute of limitations for § 2255 motions begins to run from the "date on which the right asserted was initially recognized by the Supreme Court"); *Orona v. United States*, 826 F.3d 1196, 1198 (9th Cir. 2016) (date on which Supreme Court recognized new right under *Johnson* is June 26, 2015).

For purposes of counting time for a federal statute of limitations, the standards in Federal Rule of Civil Procedure 6(a) apply.  *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Rule 6(a)(1)(A) directs that the "the day of the event that triggers the period" is excluded.  Thus, the one year commenced the day after *Johnson*, or on June 27, 2015 (day one), and the last day was 364 days later, on June 26, 2016.  *See In re Embry*, 831 F.3d 377, 381 (6th Cir. 2016) ("the statute of limitations for bringing claims based on *Johnson* expired on June 26, 2016, one year after *Johnson*"); *United States v. Gentry*, 194 F. Supp. 3d 1073, 1083 (D. Or. 2016) (petitioner asserting *Johnson* claim "had until June 26, 2016 to file his petition").  *See also Patterson*, 251 F.3d at 1246 (applying "anniversary method" under Rule 6(a) to find that one year grace period from adoption of AEDPA statute of limitations, on April 24, 1996, commenced on April 25, 1996 and expired one year later on the anniversary of such adoption, April 24, 1997).

**4.  Timeliness of Motion**

Based on the foregoing, Movant's Motion was timely so long as it was filed on or before June 26, 2016.  But here, Movant's Motion must "be deemed filed in the district

11

court on June 27, 2016."[2]  (Doc. 3, 9th Cir. Order 2/16/17 at 1.)

Thus, Movant's motion is one day late, and barred by the statute of limitations.

### 5.  Equitable Tolling

In *U.S. v. Battles*, 362 F.3d 1195 (9th Cir. 2004), the Ninth Circuit held the statute of limitations under 28 U.S.C. § 2255 may be equitably tolled.   To be entitled to such tolling, Movant must "demonstrate that 'extraordinary circumstances beyond [his]control [made] it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness.'" *Id*. at 1197 (quoting *Laws v. LaMarque*, 351 F.3d 919, 922 (9th Cir. 2003)).

Movant makes no argument that he is entitled to equitable tolling.

### 6.  Actual Innocence

To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence."  *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013).   To invoke this exception to the statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).   This exception, referred to as the "*Schlup* gateway," applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *Id.*  at 1936 (quoting *Schlup,* 513 U.S. at 316).   *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (2013) (applying "new evidence" standard to claim of actual innocence to avoid habeas statute of limitations).

---

[2]  The Second or Successive Application and proposed Motion to Vacate included certifications that they were submitted for filing through the Ninth Circuit's Appellate CM/ECF system and this Court's CM/ECF system, respectively, on June 25, 2016. (Doc. 3 at physical page 8 and 15.)  The undersigned relies upon the order of the Ninth Circuit as controlling as to the effective filing date.

Movant's assertions of actual innocence depend upon the extension of *Johnson* to § 924(c).[3]

As discussed above in Section III(A)(3), the Ninth Circuit has not decided whether *Johnson* invalidates the residual clause in §924(c)(3), and the other circuits are divided, albeit with only the Seventh Circuit deciding it does.

The undersigned is persuaded by the reasoning of the majority of the circuits that the differences between § 924(c) and § 924(e) preclude a determination that *Johnson* applies to § 924(c). *See Hill*, 832 F.3d 135 (2d Cir. 2016); *Taylor*, 814 F.3d at 375-76 (6th Cir. 2016); *Prickett*, 839 F.3d at 699 (8th Cir. 2016); *Ovalles*, 861 F.3d at 1265 (11th Cir. 2017); and *Eshetu*, 863 F.3d at 954 (D.C. Cir. 2017). The undersigned is further persuaded by the reasoning of the Sixth Circuit in *Shuti*, 828 F.3d 440, and the Second Circuit in *Hill*, 832 F.3d at 149, that an extension of *Johnson* to 18 U.S.C. § 16(b) does not mandate an extension of *Johnson* to § 924(c), and thus the Ninth Circuit's decision on § 16(b) in *Dimaya*, 803 F.3d at1120, does not alter the analysis.

Accordingly, Movant's assertions of actual innocence are without merit, and his Motion remains barred by the statute of limitations.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2255 Cases, requires

---

[3] The undersigned presumes, without deciding, that a claim of actual innocence based solely on a change in the law, and not some new evidence, satisfies the standard for actual innocence. *Cf.* Kimberly J. Winbush, *"Actual Innocence" Under Schlup v. Delo/ McQuiggin v. Perkins as Excusing Statute of Limitations Established by AEDPA 28 U.S.C.A. § 2244(d)(1) for Habeas Corpus Claims"*, 82 A.L.R. Fed. 2d 63 at § 49 (Originally published in 2014) (citing only one district court case finding actual innocence from intervening change in the law); *Phillips v. United States*, 734 F.3d 573, 581 and n. 8 (6th Cir. 2013) (discussing "actual innocence claims based upon a claim of legal innocence occasioned by an intervening change in law"and rejecting contention that *McQuiggin* applied to such a claim, but citing only cases finding such claim a basis for relief, rather than basis for actual innocence tolling). *But see United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013) (finding § 2241 habeas petition available to federal prisoner asserting claim of "actual innocence" on the theory that "he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision").

that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Motion to Vacate is brought pursuant to 28 U.S.C. § 2255, and challenges Movant's federal criminal judgment or sentence. The recommendations if accepted will result in Movant's Motion being resolved adversely to Movant. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the reasoning set forth herein, jurists of reason would find it debatable whether the district court was correct in its procedural ruling, and jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. In both instances, the lack of consensus over the applicability of *Johnson* to § 924(c) leaves room for debate over both the application of the statute of limitations and the merits of

14

Movant's claim.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Motion to Vacate, a certificate of appealability should be granted.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed June 26, 2016 (Doc. 3) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **GRANTED**.

## VI.  EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 10, Rules Governing Section 2255 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: February 9, 2018

16-4586r RR 18 02 06 on HC.docx

James F. Metcalf
United States Magistrate Judge

16