WO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Aquileo Melchor-Zaragoza,

              Movant/Defendant,

v.

USA,

              Respondent/Plaintiff.

No. CV-16-04586-PHX-JAT
CR-01-0017-PHX-JAT

**ORDER**

Pending before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court deny and dismiss the motion to vacate, set aside, or correct sentence ("Motion") in this case because it is barred by the statute of limitations. (Doc. 14). Movant has filed objections to the R&R.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are

not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made."). The Court will review the portions of the R&R to which there is an objection de novo.

The R&R concludes that the statute of limitations for when the Motion was due in this case is governed by 28 U.S.C. § 2255(f)(3). Doc. 14 at 11. The Government did not file an objection to this conclusion despite having argued the opposite in its response to the motion. *See* Doc. 9 at 9. Because there is no objection, the Court accepts the R&R's conclusion that the Motion in this case falls under *Johnson*, and therefore under § 2255(f)(3).[1]

The R&R further concludes that the Motion is barred by the statute of limitations in this case because it was filed June 27, 2016, on day after the one-year statute of limitations ran on June 26, 2016. Doc. 14 at 12. Petitioner objects and argues that because June 26, 2016 was a Sunday, Movant's motion was not due until the next business day, or June 27, 2016. Doc. 15 at 2. The weight of the authority agrees with Movant.

For example, a district court in Oklahoma explained:

In calculating the one year statute of limitations under § 2255, federal courts refer to Fed. R. Civ. P. 6(a) to compute the applicable deadline. *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003). Under Rule 6(a)(1)(C), if a deadline falls on a Saturday, Sunday, or legal holiday, the time period continues to run until the next day that is not a weekend or

---

[1] Other courts have concluded that because *Johnson* was interpreting 18 U.S.C. § 924(e)(2)(B)(ii), cases challenging 18 U.S.C. § 924(c) convictions, like Movant, do not fall under the extended statute of limitations of 28 U.S.C. § 2255(f)(3). *See e.g. Cody v. United States,* No. 1:07CR185, 2017 WL 1511844, at *3 (E.D. Va. Apr. 27, 2017) (Because the new rule announced in *Johnson* does not yet apply to Petitioner's case, § 2255(f)(3) does not apply either. ). To hold otherwise could mean that if the Supreme Court invalidates the residual clause of 18 U.S.C. § 16(b) in *Dimaya v. Lynch*, 137 S.Ct 31 (2016), then the statute of limitations for those claims began running when *Johnson* was decided. However, the Court will not review de novo portions of the R&R to which there was no objection.

legal holiday. June 26, 2016 was a Sunday and defendant's deadline to file a § 2255 motion asserting a *Johnson* claim was June 27, 2016.

*United States v. Scott*, No. 09-CR-0126-CVE, 2016 WL 6808149, at *2 n.3 (N.D. Okla. Nov. 17, 2016).  The Ninth Circuit Court of Appeals generally appears to agree. *See LeGras v. AETNA Life Ins. Co.*, 786 F.3d 1233, 1237-38 (9th Cir. 2015).  Accordingly, the Court will sustain Movant's objections to the R&R.

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 14) is rejected to the limited extent specified above.

**IT IS FURTHER ORDERED** that this matter is re-referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a further report and recommendation.[2]

Dated this 23rd day of March, 2018.

James A. Teilborg
Senior United States District Judge

---

[2]  Although the R&R ultimately appears to conclude that Movant is not entitled to relief on the merits (Doc. 14 at 12-13; 7-9) because that recommendation was made in the context of the statute of limitations actual innocence analysis, the Court will re-refer this case for an R&R on the merits.  Further, because neither party objected to the R&R's conclusion that this case should not be stayed being the Supreme Court's decision in *Dimaya* (Doc. 14 at 9), the Court accepts and adopts that recommendation.

- 3 -