# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Aquileo Melchor-Zaragoza, Movant/Defendant -vs- United States of America, Respondent/Plaintiff. | CV-16-4586-PHX-JAT (JFM) CR-01-0017-PHX-JAT **Amended Report & Recommendation on Motion to Vacate, Set Aside or Correct Sentence** |

## I.  MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed through counsel a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, which was transferred to this Court from the Ninth Circuit Court of Appeals on February 16, 2017, with instructions to file the Motion as of June 27, 2016 (Doc. 3).  On July 24, 2017 Respondent filed its Response (Doc. 9). Movant filed a Reply on September 12, 2017 (Doc.  13).

The undersigned issued a Report and Recommendation on February 9, 2018 (Doc. 14), concluding that the Motion was untimely and barred by the applicable statute of limitations.  On March 23, 2018, the Court rejected that determination, and re-referred the matter for a further report and recommendation.

The Movant's Motion is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

//

//

1

## II.  RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A.  PROCEEDINGS AT TRIAL

On June 26, 2001, Movant was charged with: (1) Conspiracy to Commit Hostage Taking (18 U.S.C. §§ 371 and 1203); (2) Hostage Taking (18 U.S.C. §§ 1203 and 2); (3) Conspiracy to Harbor Illegal Aliens (8 U.S.C. §§ 1324(a)(1)(A)(iii) and (a)(1)(A)(v)(I)); (4) Harboring Illegal Aliens (8 U.S.C. §§ 1324(a)(1)(A)(iii) and (a)(1)(A)(v)(II)); (5) Possession or Use of a Firearm in a Crime of Violence (18 U.S.C. §§ 924(c) and 2); and (6) Re-entry After Deportation (8 U.S.C. § 1326(a) enhanced by (b)(1)). (CR Doc. 30, Superseding Indictment.) (Filings in the underlying criminal case, *United States v. Melchor-Zaragoza*, CR-01-0017-PHX-JAT, are referenced herein as "CR Doc. __.")

On February 21, 2002, Movant entered a plea of guilty to the illegal re-entry charge, Count 6.  However, he proceeded to trial on the remaining charges.  (CR Doc. 202, Judgment.)

After a jury trial, Movant was convicted of Counts 1 through 5.  On June 10, 2002, he was sentenced to 327 months on Counts 1 and 2, and 120 months on Counts 3, 4, and 6, all to be served concurrently, and a term of 84 months on Count 5, to be consecutive to the sentence on Counts 1, 2, 3, 4, and 6.  (*Id.*)

### B.  PROCEEDINGS ON DIRECT APPEAL

Movant filed a direct appeal, raising claims of the exercise of a peremptory challenge to a juror on the basis of race, improper admission of prior bad acts, instructional error, sentencing error based on the vulnerable victim enhancement, and improper refusal of a downward departure for acceptance of responsibility.  On December 5, 2003, the Ninth Circuit Court of Appeals rejected Movant's claims and affirmed.  (CR Doc. 287, Memorandum Decision.)  Movant did not seek further review. (Motion, Doc. 3 at 2, ¶ 6.)

/ /

/ /

/ /

2

**C.  PROCEEDINGS ON FIRST MOTION TO VACATE**

On December 3, 2004, Movant filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 290).  Movant raised the following nine claims:

> (1) Sentencing enhancements violated his due process and Sixth Amendment rights as set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Ameline*, 376 F. 3d 967 (9th Cir. 2004); (2) the District Court violated his Due Process and his Sixth Amendment rights by imposing a two-level increase for vulnerable victim; (3) counsel was ineffective in failing to argue that the court could not increase his sentence based on facts not charged in the indictment or found by the jury; (4) the rulings of *Apprendi*, *Blakely*, and *Ameline* should apply retroactively to this case; (5) Count One contained five or more charges in violation of Movant's Fifth and Sixth Amendment rights; (6) the Fifth and Sixth Amendment were violated because Movant was charged with multiple conspiracies for a single scheme or plan; (7) the jury instructions broadened the scope of the indictment in violation of Fifth Amendment; (8) the Fifth and Sixth Amendment were violated because Movant was charged with both the possession and brandishing elements of 18 U.S.C. § 924(c); and (9) trial and appellate counsel were ineffective in failing to argue the merits of claims five through eight, in regard to the duplicitous and multiplicitous charges of the indictment.

(CR Doc. 307, Report & Recommendation at 1-2.)  On December 2, 2005, the Motion to Vacate was denied on its merits.  (CR Doc. 313, Order 12/2/05.)

Movant sought review by the Ninth Circuit Court of Appeals, arguing "that the superseding indictment improperly joined distinct and separate offenses in the same counts, and improperly charged multiple offenses based on the same underlying conduct. He contend[ed] that these alleged errors, combined with the jury instructions, resulted in an improper constructive amendment of the indictment."  (CR Doc. 324, Memorandum Decision, 3/10/08 at 2.)  The Ninth Circuit affirmed on March 10, 2008.  (*Id.*)

**D.  PROCEEDINGS ON CURRENT MOTION TO VACATE**

**Motion** – Movant commenced the current case by filing an application for authorization to file a second or successive 28 U.S.C. § 2255 motion with the Ninth Circuit Court of Appeals.  The court granted that application, and directed the filing of the Motion to Vacate in this court as of June 27, 2016, the date the application was filed. (9th Cir. Order 2/16/17, Doc. 3.)

3

Movant argues his conviction for violating 18 U.S.C. § 924(c) must be vacated because: (a) under *Johnson v. United States*, 135 S. Ct. 2551 (2015) the "residual clause" of the definition of a crime of violence in § 924(c)(3) is unconstitutionally vague; and (b) his predicate offense of hostage taking under 18 U.S.C. § 1203 does not qualify under the "force clause" of § 924(c)(3) because it does not require the intentional use of violent force.

Movant argues that *Johnson* has been made retroactive to cases on collateral review, his Motion was filed less than one year after *Johnson* was decided and thus is timely, and *Johnson* is an intervening change in the law requiring that its merits be reached.

**Response** - On July 24, 2017, Respondent filed its Response (Doc. 9). Respondent argues: (1) *Johnson* is not applicable to § 924(c)(3) (*id.* at 5-7); and (2) Movant's motion is barred by the habeas statute of limitations in 28 U.S.C. § 2255(f) (*id.* at 9-10).

**Reply** - On September 12, 2017, Movant filed a Reply (Doc. 13).  Movant argues: (1) Respondent has waived any procedural default defense (*id.* at 1-2); (2) the reasoning of *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 137 S.Ct. (2016), requires the extension of *Johnson* to § 924(c) (*id.* at 2-5); (3) because *Johnson* applies, Movant's Motion is timely, and if not his actual innocence justifies relief from the statute of limitations (*id.* at 5-6).

**Original R&R** - The undersigned issued a Report and Recommendation on February 9, 2018 (Doc. 14), concluding that the Motion was untimely by one day, and barred by the applicable statute of limitations, which ran on June 26, 2016.  On March 23, 2018, the Court rejected that determination, concluding that the last day was a Sunday, and that the statute of limitations is governed by Federal Rule of Civil Procedure 6(a)(1)(C), and thus the Motion was timely.  The Court re-referred the matter for a further report and recommendation.  Because the Court has already disposed of Respondent's timeliness argument, establishing the law of the case, the argument is not

again addressed.

### III.  APPLICATION OF LAW TO FACTS
### A.  MERITS OF GROUND ONE - *JOHNSON*

Movant argues that under the decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), 18 U.S.C. § 924(c) is unconstitutionally vague.

### 1.  The Armed Career Criminal Act

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 922(g), *et seq*, establishes various crimes and punishment enhancements for various offenders and offenses.  In one particular, under 18 U.S.C. § 924(e)(2), if an offender has three or more prior convictions for a "serious drug offense" or "violent felony," the ACCA increases the prison term to a mandatory minimum 15-year sentence and a maximum term of life imprisonment.

That part of the ACCA defines "violent felony" as follows:

> "any crime punishable by imprisonment for a term exceeding one year . . . that —
> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii)   is burglary, arson, or extortion, involves the use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another.***"

18 U.S.C. § 924(e)(2)(B) (*emphasis added*).  Subsection (i) has become known as the "force clause" (or sometimes the "elements clause").  *Compare Welch v. United States*, 136 S. Ct. 1257, 1261 (2016) ("[s]ubsection (i) of this definition is known as the elements clause"), *with United States v. Parnell*, 818 F.3d 974, 977 (9th Cir. 2016) ("§ 924(e)(2)(B)(i), known as the force clause").  The emphasized portion of subsection (ii) of the definition has become known as the "residual clause."  The remainder has become known as the "enumerated offenses clause."

### 2.  *Johnson* and the Residual Clause

**Residual Clause Invalid** - On June 26, 2015, the Supreme Court held that the

"residual clause" in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague, and struck it down as a violation of the due process clause of the Fifth Amendment. *Johnson v. United States*, 135 S.Ct. 2551 (2015).

*Johnson* **Retroactive** - The Supreme Court subsequently determined, in *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016), that *Johnson* stated a "substantive rule that has retroactive effect in cases on collateral review."

### 3.  Application of *Johnson*  to § 924(c)

Of course, Movant was not sentenced pursuant to 18 U.S.C. § 924(e)(2).  But instead was convicted of and subjected to the mandatory sentence required by 18 U.S.C. § 924(c).  That section provides, in pertinent part, that "any person who, during and in relation to any crime of violence or drug trafficking crime …for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--(i) be sentenced to a term of imprisonment of not less than 5 years."

Like the definition of "violent felony" in § 924(e)(2) addressed in *Johnson*, the definition of "crime of violence" in § 924(c) includes a "residual clause."  The statute provides:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
> 　　(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> 　　(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  "Courts generally refer to the '(A)' clause of section 924(c)(3) as the 'force clause' and to the '(B)' clause of section 924(c)(3) as the 'residual clause.'" *United States v. Bell*, 158 F. Supp. 3d 906, 910 (N.D. Cal. 2016).

Thus, both §924(e)(2) and § 924(c)(3) contain a "residual clause."  The clauses are not, however, identical.  The clause in § 924(e)(2) which was invalidated in *Johnson* extended to a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  In contrast, the residual clause in § 924(c) differs by:

(1) referring to a "substantial risk" rather than a "serious potential risk"; (2) requiring the use of "physical force" rather than the occurrence of "physical injury"; and (3) extending to the use of such force "against the person or property of another" rather than being limited to physical injury to a person.

Movant points to no controlling authority concluding that § 924(c)(3)(B) is sufficiently analogous to § 924(e)(2)(B)(ii) that the ruling or reasoning in *Johnson* should necessarily invalidate the former.  The undersigned has found none.  *Cf. United States v. Pruett*, 16-56858, 2017 WL 5897307, at *2 (9th Cir. Nov. 30, 2017) (unpublished decision) ("assum[ing], for the sake of argument, that the residual clauses in U.S.S.G. § 4B1.2(1) and 18 U.S.C. § 924(c)(3) are indistinguishable from the one invalidated in *Johnson*").  Indeed, the Ninth Circuit has pending before it a number of other cases presenting the exact question at issue here—namely, whether § 924(c)(3)(B) is unconstitutionally vague under *Johnson*, most of which it has stayed pending a decision by the U.S. Supreme Court in *Dimaya*.  *See Urquijo v. USA*,  No. 17-16699,  Doc. 2 (Not. of Related Cases 9/22/17) (detailing other cases) and Doc. 4 (Order 9/26/17); and *United States v. Dominguez*, No. 14-10268, Doc. No. 38 (Appellant's Supplemental Opening Brief at 1–2) and Doc. 86 (Order 7/12/16).

Indeed, almost every circuit to address the issue has concluded that it is not.  In *United States v. Taylor*, 814 F.3d 340, 375-76 (6th Cir. 2016), the Sixth Circuit concluded that the "crime of violence" language in 18 U.S.C. § 924(c)(3) is not unconstitutionally vague because § 924(c)(3)(B) is "considerably narrower than the statute invalidated by the Court in *Johnson* and because much of *Johnson's* analysis does not apply to § 924(c)(3)(B)").  The Sixth Circuit pointed to: (1) the distinction between physical force and physical injury; (2) the residual clause in § 924(e)(2)(B) was "linked to a confusing set of examples" that was problematic; (3) the history of the Court's struggles with developing a "coherent interpretation" of the clause; and (4) the specific circumstances in *Johnson* which do not all apply to § 924(c)(3)(B).  814 F.3d at 376.

To date, at least the Second, Eighth, Eleventh and D.C. circuits have reached the same conclusions on similar grounds.  *See United States v. Hill*, 832 F.3d 135 (2d Cir. 2016); *United*

*States v. Prickett*, 839 F.3d 697, 699 (8th Cir. 2016); *Ovalles v. United States*, 861 F.3d 1257, 1265 (11th Cir. 2017); *United States v. Eshetu*, 863 F.3d 946, 954 (D.C. Cir. 2017).

On the other hand, the Seventh Circuit has concluded that *Johnson* invalidates the residual clause in § 924(c)(3)(B). In *United States v. Cardena*, 842 F.3d 959 (7th Cir. 2016), that Circuit concluded that "[s]ubsection [(c)(3)](B) is virtually indistinguishable from the clause in *Johnson* that was found to be unconstitutionally vague." *Id.* at 996. However, *Cardena* did not engage in any explicit comparison between the provisions, nor analyze the meaning of the differences in language, even though *Cardena* was decided November 18, 2016, long after *Taylor*. Instead, the *Cardena* court relied to a large extent on the Seventh Circuit's prior decision that "invalidated the residual clause in 18 U.S.C. § 16(b)…the same residual clause contained in the provision at issue, 18 U.S.C. § 924(c)(3)(B)." 842 F.3d at 996 (citing *United States v. Vivas–Ceja*, 808 F.3d 719, 721 (7th Cir. 2015)).

The Sixth and Ninth Circuits have also concluded that the residual clause in 18 U.S.C. § 16(b) was void for vagueness under *Johnson*. *See United States v. Hill*, 832 F.3d 135, 149 (2nd Cir. 2016) (citing *Shuti v. Lynch*, 828 F.3d 440 (6th Cir. July 7, 2016); *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015); and *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015), *cert. granted,* 137 S.Ct. 31 (2016)).[1]

While the Ninth Circuit has applied *Johnson* to 18 U.S.C. § 16(b), that is not necessarily conclusive despite the similarity in language between the sections. At least the Second and Sixth Circuits have concluded that one does not lead to the other.

In *Hill*, the Second Circuit rejected reliance on other circuits' § 16(b) cases, finding their reasoning "unpersuasive."

> First, each greatly underestimates—or misunderstands—the significance of the list of enumerated offenses in the ACCA's residual clause to the decision in *Johnson II*, in part by failing to engage with the precedent that preceded, and informed, that decision. Second, these cases

---

[1] Initially, a panel of the Fifth Circuit had similarly determined that *Johnson* invalidated § 16(b). *See United States v. Gonzalez–Longoria*, 813 F.3d 225, 227 (5th Cir. 2016). However, upon rehearing *en banc*, the Fifth Circuit reversed course and concluded "that 18 U.S.C. § 16(b) is not unconstitutionally vague on its face." *United States v. Gonzalez-Longoria*, 831 F.3d 670, 677 (5th Cir. 2016) (*en banc*).

8

either ignore or minimize the other textual distinctions between the residual clause and the language of § 16(b) Finally, each case dismisses the significance of the Supreme Court's fraught precedent interpreting the ACCA's residual clause, and in doing so not only disregards the significance of that precedent to the *Johnson II* decision, but also fails to grapple with the fact that the textual aspects unique to the residual clause were largely to blame for that confusion.

*Hill*, 832 F.3d at 149–50.

Similarly, in *Shuti*, the Sixth Circuit distinguished its decision regarding § 924(c) in *Taylor*, and found § 16(b) vague under *Johnson*.  The court reasoned: "Unlike the ACCA and INA, which require a categorical approach to stale predicate convictions, 18 U.S.C. § 924(c) is a criminal offense that requires an ultimate determination of guilt beyond a reasonable doubt—by a jury, in the same proceeding. This makes all the difference." *Shuti*, 828 F.3d at 449 (6th Cir. 2016).

Moreover, the holding in *Dimaya* was not a broad ruling on the bare language of § 16(b).  Rather, the *Dimaya* court took care to limit its holding to § 16(b) "as incorporated in 8 U.S.C. § 1101(a)(43)(F)," which defines aggravated felonies.  803 F.3d at 1120.  "Our decision does not reach the constitutionality of applications of 18 U.S.C. § 16(b) outside of 8 U.S.C. § 1101(a)(43)(F) or cast any doubt on the constitutionality of 18 U.S.C. § 16(a)'s definition of a crime of violence." *Id.* at 1120, n. 17.

It is of interest that the Ninth Circuit's decision in *Dimaya* is currently pending before the Supreme Court on certiorari.  But, while a reversal of *Dimaya* might be further fodder for the argument that *Johnson* does not extend to § 924(c), a decision upholding *Dimaya* would not, without more, dispose of the limitations of the *Dimaya* holding or the reasoning of the Second and Sixth Circuits.

In the meantime, this Court must decide this case.  Because Respondents mount no argument that, even without the residual clause of § 924(c), Movant's conviction and sentence can stand, deciding the case requires resolving whether the section is rendered vague under *Johnson.*

To that end, the undersigned finds the analyses of the Second and Sixth Circuits persuasive, and therefore concludes that even with the Ninth Circuit's decision in *Dimaya*, the

9

differences between § 16(b) and § 924(c)(3) are controlling, as are the differences between § 924(c)(3) and § 924(e)(2), and that neither the holding nor reasoning of *Johnson* renders § 924(c)(3) void for vagueness. *But see Urquijo v. USA,* CV-16-0417-PHX-SRB-JFM, Order 8/23/17, Doc. 37 (overruling and rejecting same conclusion).

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2255 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Motion to Vacate is brought pursuant to 28 U.S.C. § 2255, and challenges Movant's federal criminal judgment or sentence.  The recommendations if accepted will result in Movant's Motion being resolved adversely to Movant. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling." *Id.*

**Standard Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on the merits. Under the reasoning set forth herein, jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong. In both instances, the lack of consensus in this circuit and among other circuits over the applicability of *Johnson* to § 924(c) leaves room for debate over the merits of Movant's claim.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Motion to Vacate, a certificate of appealability should be granted.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed June 26, 2016 (Doc. 3) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **GRANTED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 10, Rules Governing Section 2255 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any

11

findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: March 30, 2018

16-4586r RR 18 02 06 on HC.docx

James F. Metcalf
United States Magistrate Judge